UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANO PETTWAY,

       Petitioner,

v.                                       CASE N0. 06-10701
                                       HONORABLE GEORGE CARAM STEEH

BARRY DAVIS,

       Respondent.
_____/

**OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This matter is pending before the Court on petitioner Delano Pettway's *pro se* habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges Petitioner's state convictions for murder, assault with intent to murder, and two weapons offenses. Respondent argues in an answer to the habeas petition filed through counsel that Petitioner's claims are unexhausted, procedurally defaulted, not cognizable on habeas review, or meritless. The Court agrees that Petitioner's claims lack merit. Therefore, the habeas petition will be denied.

**I. Background**

On March 23, 2001, a circuit court jury in Wayne County, Michigan found Petitioner guilty of first-degree murder, Mich. Comp. Laws § 750.316, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.227f , and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The convictions arose from a shooting in Detroit on July 26, 2000. The facts adduced at trial established that

> [Petitioner] waited outside Barton's Store with a gun in his possession. When the victim, Antuan Ray, and two other men, Jerome Simmons and Myron Johnson, left the store, [Petitioner] approached them, and demanded Johnson's expensive sunglasses at gunpoint. When it became apparent that Johnson was not going to give him the glasses, [Petitioner] started shooting. After [Petitioner] shot Ray the first time, he could have fled the scene. Instead, he shot Ray two more times while Ray was helpless on the ground. [Petitioner] then chased after and fired at Simmons and Johnson, striking Simmons in the chest with his gunfire. When Johnson returned fire, [Petitioner] fled, and ran to a waiting automobile, which accelerated rapidly away when [Petitioner] reached the passenger seat.

*See People v. Pettway*, No. 234895 (Mich. Ct. App. Feb. 21, 2003). The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of life imprisonment for the murder conviction, eighteen to forty years in prison for each assault conviction, and two to five years in prison for being a felon in possession of a firearm.

On appeal from his convictions, Petitioner argued through counsel that the evidence was insufficient to sustain his murder conviction and that the prosecutor engaged in misconduct when he stated that Petitioner was a liar. In a *pro se* supplemental brief, Petitioner argued that the in-court identification was the result of a suggestive pretrial procedure, and defense counsel should have challenged the tainted pretrial identification. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished*, per curiam* opinion. *See id*.

Petitioner raised the same issues (and one additional claim regarding the denial of his motion to remand) in an appeal to the Michigan Supreme Court. On August 29, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Pettway*, 469 Mich. 877; 668 N.W.2d 908 (2003) (table).

On September 16, 2004, Petitioner filed a motion for relief from judgment, which the trial court denied. In an appeal from the trial court's decision, Petitioner alleged that the trial court failed to instruct the jury that they had to be unanimous in their verdict, and trial counsel

2

misled the trial court on the alternate counts of premeditated and felony murder. The Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Pettway*, No. 265470 (Mich. Ct. App. Apr. 21, 2006). On October 31, 2006, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Pettway*, 477 Mich. 909; 722 N.W.2d 856 (2006).

Petitioner filed his habeas corpus petition on February 17, 2006. The grounds for relief read:

> I. Constitutional violation to deprive the petitioner of his constitutional guarantees under 4th and 14th Amendments to the United Constitution[s].
>
> II. Constitutional and federal statu[t]e violations to violate the petitioner's civil rights.
>
> III. Constitutional deprivation of the petitioner's constitutional guarantees under the 6th Amendment to the United States Constitution.

Respondent contends that Petitioner failed to raise his third claim in state court and that his other two claims are procedurally defaulted. The record indicates that none of Petitioner's claims were raised in state court. However, the doctrines of exhaustion of state remedies and procedural default are not jurisdictional bars to a review of Petitioner's claims. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied sub nom Houk v. White*, __ U.S. __, 127 S. Ct. 578 (2006), *and cert. denied sub nom White v. Houk*, __ U.S. __, 127 S. Ct. 581 (2006); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006). And because Petitioner's claims lack merit or are not cognizable on habeas review, the alleged procedural errors are excused. The Court will proceed to address Petitioner's claims.

**II. Standard of Review**

Habeas petitioners are not entitled to the writ of habeas corpus unless they can show that the state court's adjudication of their claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When, as here, no state court adjudicated the petitioner's claims, the deferential standard of review mandated by 28 U.S.C. § 2254(d) does not apply. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006). Instead, the Court must review the issues *de novo*. *Id*. (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

### III. Discussion

All three of Petitioner's claims challenge the legality of the state court complaint or criminal information, which formed the basis for the warrant for Petitioner's arrest. Petitioner alleges that the criminal complaint failed to establish that he committed the crimes for which he was charged and arrested. More specifically, Petitioner asserts that the complaint failed to list any sources supporting the allegations of the complaining witnesses and neglected to set forth any other basis for demonstrating that Petitioner committed a crime. Petitioner argues that, because probable cause to arrest him was lacking, his rights under the Fourth Amendment to the United States Constitution were violated. He also alleges that his illegal arrest violated his civil rights and that his trial attorney should have filed a motion to dismiss his criminal case for failure to state a cause of action.

### A. The Fourth Amendment Claim

Petitioner alleges that the only evidence offered in support of a finding of probable cause to issue a warrant for his arrest was the defective complaint. According to him, the complaint failed to set forth specific facts demonstrating probable cause to believe that he was guilty of the charged crimes. Petitioner argues that, because the document used to obtain his arrest was defective, the state court lacked jurisdiction over him, and his conviction is void.

The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). For a "full and fair" opportunity to have existed, "the state must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (1985) (citing *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)).

In Michigan, "[i]f a defendant believes that he was wrongly bound over for trial, he may seek leave to appeal, or may raise the issue in a subsequent appeal as of right if he is convicted. On review, an appellate court examines the evidence to determine whether the magistrate abused his discretion in making the bind-over decision." *People v. George*, 114 Mich. App. 204, 208; 318 N.W.2d 666, 668 (1982) (citing *People v. Doss*, 406 Mich. 90, 101; 276 N.W.2d 9 (1979)).

Although Petitioner did not move to quash the bindover or to dismiss his case on Fourth Amendment grounds, there was no failure of the mechanism for raising his Fourth Amendment claim. He had a full and fair opportunity for presentation of his claim in state court and that is all *Stone v. Powell* requires. *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir. 1986). "[I]t is up to the

5

claimant and his counsel to decide what use, if any, is to be made of the opportunity." *Id*. The Court concludes that Petitioner's Fourth Amendment claim is not cognizable on habeas review.

### B. The § 1983 Claim

Petitioner alleges that his arrest violated his civil rights and entitles him to relief under 42 U.S.C. § 1983. Petitioner is not seeking money damages; he has applied for immediate and unconditional release from prison and expungement of all records related to his arrest, prosecution, and conviction. The sole remedy for his challenge to the very fact or duration of physical imprisonment is a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973). A § 1983 claim is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Id*. at 499. Therefore, Petitioner's § 1983 claim is not cognizable here.

### C. The Sixth Amendment Claim

The third and final habeas claim is cognizable here. It alleges that Petitioner was deprived of his Sixth Amendment right to effective assistance of trial counsel because defense counsel did not challenge the adequacy of the criminal complaint, which resulted in the issuance of an warrant for Petitioner's arrest.

#### 1. *Strickland v. Washington; Kimmelman v. Morrison*

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not

6

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

### 2. Application

Petitioner is not alleging that evidence admitted at trial should have been excluded. Instead, he maintains that defense counsel should have moved to dismiss the criminal complaint on the ground that the complaint did not establish probable cause to arrest him.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The purpose of a criminal complaint "is to enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists." *Giordenello v. United States*, 357 U.S. 480, 486 (1958). At a minimum, the complaint should include (1) an affirmative allegation that the affiant had personal knowledge of the matters contained therein, (2) any sources for the complainant's belief, or (3) some other sufficient basis on which a finding of probable cause could be made. *Id*. Probable

7

cause exists if, at the time of the arrest, the police had reasonably trustworthy information "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

The felony complaint in this case lists the date and location of the offense, the deceased complainant's name, and the charges levied against Petitioner. Under the heading "Complaining Witness," someone typed "INFO & BELIEF." The record does not include any affidavits in support of the complaint.

Despite the lack of specific supporting information in the complaint, Jerome Simmons and Myron Johnson got a good look at Petitioner before the shooting. Jerome provided a detailed description of Petitioner to the police shortly after the crimes, and both men independently selected Petitioner's picture out of an array of six photographs. The pretrial identification by two eyewitnesses to the crimes and Jerome's description of the shooter provided sufficient information for the police to conclude that Petitioner had committed the crimes.

At the conclusion of the preliminary examination, the magistrate bound Petitioner over to circuit court on the five counts in the Information. The magistrate stated that there was sufficient testimony to support allegations in the Information that Petitioner approached the three victims, inquired about their glasses, fired at them, and engaged in a gun battle with them.

In light of the substantial evidence available to the police before Petitioner's arrest, a motion to quash the bindover and to dismiss the charges would have been unsuccessful. Even if the charges had been dismissed after the preliminary examination, the prosecutor could have re-instigated the charges against Petitioner upon a showing of newly discovered evidence, provided

8

that the prosecutor was not judge-shopping or harassing Petitioner. *See George*, 114 Mich. App. at 209-15; 318 N.W.2d at 668-71.

The Court concludes that defense counsel's performance was not deficient and that the alleged deficiency did not result in actual prejudice. Therefore, defense counsel was not ineffective, and Petitioner has no right to relief on the basis of his ineffective-assistance-of-counsel claim.

## IV. Conclusion

Petitioner's third claim lacks merit and his other two claims are not cognizable on habeas review. Accordingly, the petition for a writ of habeas corpus [Doc. 1, Dec. 20, 2006] is DENIED.

The Court declines to issue a certificate of appealability on the first two claims, because reasonable jurists would not find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a certificate of appealability on the third and final claim because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. *Id*.

Dated: March 4, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 4, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---