UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANO PETTWAY,

    Petitioner,

v.                                      CASE N0. 06-10701
                                       HONORABLE GEORGE CARAM
STEEH
BARRY DAVIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM
JUDGMENT, BUT GRANTING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This matter is pending before the Court on petitioner Delano Pettway's motion for relief from the Court's judgment denying his habeas corpus petition. Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241 in 2006. While the petition was pending before this Court, Petitioner filed a second petition, which the Honorable Gerald E. Rosen dismissed as duplicative. *See Pettway v. Caruso*, No. 07-10132 (E.D. Mich. Jan. 18, 2007). On March 4, 2008, this Court denied Petitioner's first petition on the merits.

On May 19, 2008, Petitioner filed a third petition for the writ of habeas corpus. The Honorable Paul D. Borman transferred that petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition to the first petition. *See Pettway v. Booker*, No. 08-12163 (E.D. Mich. May 27, 2008); *see also* 28 U.S.C. § 2244(b)(3)(A) (requiring habeas petitioners to move in the appropriate court of appeals for an order authorizing the district court to consider a second or successive habeas

petition).  The Court of Appeals subsequently affirmed this Court's decision denying Petitioner's first habeas petition, *see Pettway v. Davis*, No. 08-1728 (6th Cir. Jan. 27, 2009), and also denied Petitioner's application for leave to file a second or successive petition, *see In re Pettway*, No. 08-1718 (6th Cir. July 9, 2010).

On September 22, 2010, Petitioner filed the pending motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  He alleges that the Court misconstrued his section 2241 petition as one filed under 28 U.S.C. § 2254 and failed to warn him that a subsequent petition could be considered a second or successive petition under 28 U.S.C. § 2244(b).  Petitioner claims that he should be permitted to re-open this case because the Court's judgment was based on a defective foundation.

## II.  Discussion

Rule 60(b) permits federal courts to relieve a party from a final judgment for certain specified reasons and for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The rule applies to habeas corpus proceedings, but a movant seeking relief under Rule 60(b)(6) is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment.  Such circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 529, 535 (2005) (internal citations omitted).

Petitioner bases his Rule 60(b) motion on *Castro v. United States*, 540 U.S. 375 (2003), in which the Supreme Court held that federal courts may not

> recharacterize a *pro se* litigant's motion as the litigant's first [motion under 28 U.S.C. § 2255] *unless* the court first informs the litigant of its intent to recharacterize, warns the litigant  that the recharacterization will subject

2

> subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a s 2255 motion for purposes of applying § 2255's 'second or successive' provision.

*Id.* at 377 (alternation added) (emphasis in original). In *Martin v. Overton*, 391 F.3d 710, 712-14 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit stated that, upon receipt of Martin's habeas petition under 28 U.S.C. § 2241, the district court should have provided notice of its intent to recharacterize the petition under 28 U.S.C. § 2254 and afforded Martin an opportunity to withdraw his petition rather than have it recharacterized.

In a subsequent decision, the Sixth Circuit explained that "[s]ection 2241 provides a general grant of habeas jurisdiction," whereas "section 2254 limits the grounds for habeas relief to people in custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 333 (6th Cir. 2006). The Court of Appeals rejected the argument that § 2241 provides a separate "gate" to habeas relief from section 2254:

> [s]ection 2254(a) is a limitation on the general grant of jurisdiction conferred in section 2241 that applies to cases involving prisoners subject to state court judgments . . . . [T]here is really only a single "gate" to federal habeas relief from state custody – through the general jurisdictional grant in section 2241 – although all petitions seeking relief from state court *convictions* are more specifically filed "under section 2254" as well, and are subjet to its restrictions, as well as those of section 2244(b).

*Id.* at 337-38 (emphasis in original)

Petitioner's 2006 habeas petition challenged his state court convictions. This Court did not re-characterize the petition; in fact, the Court acknowledged on the first page of its dispositive opinion that Petitioner had filed his petition under 28 U.S.C. §

2241. Although Petitioner correctly notes that the Court used the standard of review set forth in 28 U.S.C. § 2254(d), "*all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to [the 1996 Antiterrorism and Effective Death Penalty Act's] restrictions . . . ." *Rittenberry*, 468 F.3d at 337 (emphasis in original). In other words,

> when a prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)

*Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)); *see also Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) (stating that "regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254").

The Court concludes from *Rittenberry, Greene*, and *Byrd*, that it did not err by applying the standard of review in 28 U.S.C. § 2254(d) to Petitioner's section 2241 petition. Therefore, the Court's judgment is not based on a defective foundation.

### III. Conclusion

Petitioner has not shown an extraordinary circumstance justifying the reopening of the Court's final judgment in this case. Accordingly, the motion for relief from judgment [Dkt. #41, filed Sept. 22, 2010] is **DENIED**.

The remaining question is whether a certificate of appealability should issue. A certificate of appealability is necessary to appeal the denial of a motion brought under

Rule 60(b). *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). "A [certificate of appealability] may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' 28 U.S.C. § 2253(c)(2), which the United States Supreme Court has construed to mean that an applicant must show that reasonable jurists could debate that the petition could have been resolved differently or that the claims raised deserve[] further review." *Id*. at 339 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Reasonable jurists could conclude that the issue raised here deserves further review. Therefore, a certificate of appealability is **GRANTED**.


Dated: January 6, 2011

        S/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 6, 2011, by electronic and/or ordinary mail and also to Delano Pettway at Ryan Correctional Facility, 17600 Ryan Road, Detroit MI 48212.

S/Josephine Chaffee  
Deputy Clerk

---