UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DELANO PETTWAY,

          Petitioner,

v.                                                                    CASE NO. 06-10701
                                                                      HONORABLE GEORGE CARAM STEEH
BARRY DAVIS,

          Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## TO RE-OPEN THE TIME TO FILE AN APPEAL

Petitioner Delano Pettway has moved for an order re-opening the time to file an

appeal from the Court's order denying his motion for relief from judgment.  The Court

denied the motion for relief from judgment on January 6, 2011, and sent the order to

petitioner at Ryan Correctional Facility in Detroit, Michigan on the same day.  See Doc.

No. 42.  Petitioner claims that he was incarcerated at Thumb Correctional Facility in

Lapeer, Michigan at the time and that he never received the order.  He alleges that he

did not become aware of the order until September 13, 2012, when he received a copy

of the docket in this case.  He wants the Court to re-open the time to file an appeal so

that he can file a timely appeal.

Habeas corpus proceedings are considered civil cases, Mayle v. Felix, 545 U.S.

644, 654 n.4 (2005), and a party generally has thirty days in which to appeal an order in

a civil case.  Fed. R. App. P. 4(a)(1)(A).  As noted above, the Court denied petitioner's

motion for relief from judgment on January 6, 2011.  Petitioner had thirty days from

-1-

then, or until February 5, 2011, to appeal the Court's decision.  To date, petitioner has

not appealed the Court's order denying relief from judgment.  Thus, in order for

petitioner to have an opportunity to file a timely appeal, the Court must re-open the

appeal period.

The Court may open the time to file an appeal if all of the following conditions are

satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The Court accepts petitioner's allegation that he never received the order

denying his motion for relief from judgment, because the order was sent to Ryan

Correctional Facility in Detroit on January 6, 2011.  Petitioner apparently had been

transferred to Thumb Correctional Facility in Lapeer by then, and the order was returned

to the Court as undeliverable.  The Court therefore finds that petitioner has satisfied the

first condition for re-opening the time to appeal.

The second condition requires showing that the motion to re-open the time to

appeal was filed within 180 days after the order denying relief from judgment was

entered on the docket or within 14 days after petitioner received notice of the entry,

whichever is earlier.  The court's order denying relief from judgment was entered on the

-2-

docket on January 6, 2011.  One hundred eighty days after January 6, 2011, was July 5, 2011.  Under Appellate Rule 4(a)(6)(B), the Court must compare that date to the date fourteen days after petitioner received notice of the Court's order denying relief from judgment.

Petitioner allegedly received notice of the order denying his motion for relief from judgment on September 13, 2012.  Fourteen days from then was September 27, 2012.  July 5, 2011, was earlier than September 27, 2012.  Consequently, the 180-day provision of Appellate Rule 4(a)(6)(B) applies.  Petitioner filed his motion to re-open the time to file an appeal in November of 2012.  This was long after the 180-day deadline for filing his motion to re-open the appeal period.

Even if the 14-day provision of Appellate Rule 4(a)(6)(B) were applicable, the motion to re-open the appeal period was filed more than fourteen days after petitioner received notice of the Court's order denying relief from judgment.  Thus, however one measures the deadline for filing a motion to re-open the appeal period, the motion is untimely.  Petitioner has not satisfied the second condition for re-opening an appeal, and the Court need not consider whether any party would be prejudiced by the re-opening of the appeal period.

In conclusion, petitioner has not satisfied all three conditions for re-opening the time to appeal.  Therefore, his motion to re-open the time to file an appeal [Doc. #46, filed Nov. 9, 2012] is **DENIED**.

Dated:  April 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 16, 2013, by electronic and/or ordinary mail and also on
Delano Pettway #339462, Thumb Correctional Facility,
3225 John Conley Drive, Lapeer, MI 48446.

s/Barbara Radke
Deputy Clerk